ALICE H. COLLIN *v.* EMMA L. WETZEL.
[No. 54, April Term, 1932.]

*Decided June 22nd, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUT, DIGGES, PARKE, and SLOAN, JJ.

*Arthur R. Padgett,* for the appellant.

*Benjamin L. Freeny,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The bill in this case was filed by the appellee for specific performance of an alleged contract by which the appellant agreed to sell her one-half joint interest in property No. 600 Biddle Street, Baltimore City. The chancellor decreed specific performance, and the appeal is from that decree.

The appellant and appellee are sisters, and became the owners of the property in question by deed dated in 1910 as joint tenants. They lived upon the property for some years, when the appellee married, at which time, apparently, differences arose between them, and there were negotiations looking to one or the other acquiring the whole interest. The record shows that these negotiations culminated in the following manner, at which time both parties were represented by counsel: On October 7th, 1931, counsel for the appellee wrote a letter to the appellant, who was then in Philadelphia, as follows:

"Dear Miss Collin: It has been nearly three months now since I was promised that you would submit a

proposition in order to settle the Biddle Street property between you and Mrs. Wetzel. I have not urged this matter due to the fact that I had hoped sincerely the matter might be adjusted without any outside assistance. I regret this, apparently, cannot be done. I have advised Mrs. Wetzel, however, and she has accepted my suggestion for you to make an offer for this property; an offer that you will either give or accept, and if you will give me to understand the price you fix I will immediately take it up with Mrs. Wetzel so that this matter may be finally closed. Let me suggest that I cannot permit this matter to remain open longer than Monday of next week. It is very simple for you to name a price, and we will immediately give you an answer."

On October 12th, 1931, that letter was replied to, the reply being signed by the attorney and the appellant herself:
"Dear Mr. Freeny: On behalf of Miss Alice Collin, 3136 Page Street, Philadelphia, Pa., I am replying to your letter of October 7th, addressed to her, relative to the property on East Biddle Street owned jointly by her and Mrs. Wetzel: I beg leave to state that Miss Collin is willing to sell her interest in the property to her sister for $900 or buy her sister's interest in the property for $900. Sixty days for settlement. Kindly let me have an answer on this proposition at your earliest convenience, and oblige."

In reply to that letter, on October 20th, 1931, the attorney on behalf of the appellee wrote to the appellant's attorney:
"Mrs. Wetzel will purchase the property on Biddle Street at the price mentioned in your letter to me, settlement to take place on November 4th, 1931; deed will be forwarded to you for Miss Collin's signature; adjustments as of October 20th, 1931."

On November 3rd, 1931, the attorney for the appellee wrote to appellant's then attorney, saying:
"I am enclosing herewith the deed for the property 600 East Biddle Street, which I will thank you to have

Miss Collin sign. If convenient to you, will you kindly be in my office Wednesday, November 4th, 1931, at 2.00 P. M., in order to settle this matter."

To which letter the attorney for the appellant, on November 4th, 1931, replied:

"Herewith I am returning you deed in the Collin-Wetzel matter contained in your favor of November 3rd. I no longer am counsel in this matter."

On the same day the present attorney for the appellant notified the appellee's attorney that he had been retained by the appellant and would be glad to take the matter up with him; and on the same day the appellee's attorney wrote to the then attorney for the appellant:

"Dear Mr. Padgett: This acknowledges your letter of the 4th inst. Since talking with you over the phone in regard to the transfer of the property from Miss Collin to Mrs. Wetzel, I have had a talk with Mrs. Wetzel and am authorized to say to you that there can be no other arrangement than the one agreed upon. If you care to execute the deed agreed to by Miss Collin in the letter of the 12th ult. and will let me know to that effect by Friday of this week, we will be very glad to wait until that time. If it is your intention to oppose this agreement, there is nothing to do but ask the court to ratify the same."

We have no difficulty in affirming the decree of the chancellor in this case. The first contention of the appellant is that the letters above set forth do not constitute such a contract as is capable of being specifically enforced, for the reason that the acceptance of the offer was not in the terms of the offer. This position cannot be maintained. In response to the letter on behalf of the appellee proposing that the appellant should name a figure for which she would be willing either to sell or buy, the appellant, with the advice of counsel, by a letter prepared by counsel and signed by both herself and counsel, stated that in reply to the suggestion contained in the former letter she was willing to sell to Mrs.

Wetzel her interest in the property for $900, or would buy Mrs. Wetzel's interest for $900; sixty days for settlement. This offer was accepted in writing on behalf of Mrs. Wetzel by stating that Mrs. Wetzel would purchase the property at the price mentioned, settlement to take place on November 4th, 1931, adjustments as of October 20th, 1931, which was the date of the letter of acceptance. Clearly there is no variance between the terms of the offer and the acceptance. The price was the same, and the date of settlement named in the acceptance was within the sixty days provided for settlement in the offer. Under the terms of the offer, Mrs. Wetzel, in accepting, could have availed herself of the full sixty days, which would have carried the final date to December 19th; but, by making settlement before that date, it was in full compliance with and did not change any of the terms of the offer, because, if made on the 4th of November, it was within sixty days. It is true that, if Mrs. Wetzel had elected to sell instead of purchase, and had fixed the date of settlement less than sixty days, it would have been a change; because under the offer the party purchasing had sixty days within which to settle, and, if the accepting vendor had named a shorter time, it would not have been in substantial accordance with the terms of the offer. This, however, as stated, does not apply where the purchaser names a day for settlement which is within, but shorter than, the time named in the offer. It is clear that the sixty-day limitation was for the benefit of the purchaser, and, if she chose to make settlement before the expiration of that time, the vendor cannot be heard to complain.

The final proposition of the appellant is that the law lodges a discretion in the chancellor in cases of specific performance, and that the record in this case discloses a contract which, in the exercise of that discretion, a court of equity should not specifically enforce. We do not find anything in this contract which is either unjust or inequitable. The appellant was given the opportunity to fix a price at which she would either buy or sell. This she did; and, when the appellee accepted the offer which she had made to sell, instead of one

which she had made to buy, the appellant became dissatisfied, and now seeks to prevent specific enforcement. It seems to be a case of the appellant being disappointed by the acceptance of her offer to sell, when she would have preferred that her sister accept her offer to buy, and now seeking, through the court, to obtain that preference in direct contravention of the terms of the written contract.

Being in accord with the action of the chancellor in decreeing specific performance, the same will be affirmed.

*Decree affirmed, with costs.*